**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0236-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAWN DOOLEY, a/k/a
MALIK GRANT, SHARMON
M. DOOLEY, and
KAREEM BROWN,

     Defendant-Appellant.

---

Submitted February 13, 2024 – Decided February 20, 2024

Before Judges Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-02-0630.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Brian F. Plunkett, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Hannah Faye Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shawn Dooley appeals from a July 25, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant claimed his plea counsel rendered ineffective assistance. In a cogent written decision, Judge Michael L. Ravin – who entered defendant's guilty plea and imposed sentence – thoroughly analyzed the issues raised in view of the governing law.

On appeal, defendant reprises three of the four claims raised before the PCR judge. In a single point, defendant asserts:

> [DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO SEEK SUPPRESSION OF KEY EVIDENCE; BY FAILING TO SEEK DISMISSAL OF AN UNSUPPORTED ATTEMPTED MURDER COUNT; AND BY MISINFORMING HIM ABOUT HIS SENTENCING EXPOSURE.

We have considered defendant's arguments in light of the applicable law, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Ravin in his well-reasoned written decision, adding the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey) (Strickland/Fritz test).

In the present matter, defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits and failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-0236-22